Brinkerhokk, C.J.
This is a petition in error prosecuted in this court to reverse a .judgment of the district court of Wood county, affirming a judgment of the common pleas of that county in favor of the defendant in error, and against the plaintiffs in error.
The plaintiff in the original case, Edgerton, attempted to bring his action against both Clay and Hoot; and the following is a copy of the statements of his petition:
“The plaintiff says that this his action is founded on a promissory note, of which the following is a copy: £ Montgomery, February 28th, 1860. Four years after date I promise to pay Thomas S. Carman or bearer the sum of one hundred dollars, for value received with use. [Name in German] John Hoot.’ On the back of said note are the following indorsements: ‘Without recourse, D. L. June.’ ‘I guarantee the payment of the within note to C. Edgerton or order. Isaac Clay. March 26th, 1863? The defendant John Hoot is liable on said note as maker, and the defendant Isaac Clay as indorser and guarantor. The plaintiff, Chester Edgerton, is the holder and owner of said note. There is due from the defendants to the plaintiff on said promissory note the sum of one hundred dollars which he claims with interest from the 28th day of February, 1860, and for which he asks judgment.”
The defendant Clay was duly served with process, but it *552 does aot appear that Hoot was ever served with process, either actually or constructively, or that he at any time appeared in the case while in the court of common pleas.
Clay appeared and demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was overruled, and in the petition in error in the district court that ruling was assigned for error.
Thereupon Clay answered in these words: “ And now comes the said defendant, and admitting the execution of said note as set up in said petition, says that said note was assigned to him by T. S. Carman, and by him assigned, long after its delivery and the assignment thereof to him by said Carman, and before the same became due, to plaintiff. Affiant says the plaintiff gave him seventy-five cents on a dollar for said note, and no more. That in consideration thereof he assigned and conveyed the same to the plaintiff. And defendant says that plaintiff never has presented said note to Hoot, the maker thereof, nor demanded payment of said Hoot thereof, nor has he presented said note to this defendant, or demanded payment thereof, nor notified this defendant that said note was unpaid; and defendant says that for a long time after said note fell due, to wit, for nearly six months thereafter, said Hoot resided in Wood county, and was perfectly responsible, and said note could have been, with reasonable care or diligence, collected of said Hoot; wherefore this defendant prays that he may be hence dismissed,” etc.
To this answer Edgerton demurred, on the ground that it did not state facts sufficient to constitute a defence. The court sustained this demurrer; and the ease being submitted to the court, a judgment was thereupon rendered against both Olay and Iloot for the amount named in the note and interest. The ruling of the court of common pleas sustaining the demurrer to the answer of Clay, was also assigned for error in the district court. And it is assigned for error in this court that the district court erred in affirming the judgment of the court of common pleas.
The case presents three principal questions. 1. Did the *553 court of common pleas err in overruling the demurrer of Clay to Edgerton’s petition ? 2. Did that court err in sustaining the demurrer to Clay’s answer ? .And, 3. Did that court err in giving a joint judgment against both Clay and Hoot for the amount of the note and interest? These in their order.
And first as to the sufficiency of the petition.
It is claimed in argument in behalf of the plaintiffs in error, that the petition is defective for the alleged reason that no good or valid consideration for Clay’s guaranty of payment of the note is alleged in the petition. We think otherwise. No motion was made in the case to compel the plaintiff to make his petition more definite and certain in its averments, and under the provisions of the code of civil procedure it is to be liberally construed for purposes of justice. As applied to a negotiable note, the words “indorsement and indorser ” imply a transfer of the title to the instrument indorsed, and the acceptance of such- transfer is itself a sufficient consideration for the guaranty accompanying the indorsement. Clay is not only alleged to be a guarantor of the payment of the note,, but also to be liable to the plaintiff as an indorser thereof. And this imports a consideration, as is ruled in How & Co. v. Kemball and others, 2 McLean's Rep. 103; and in Heaton v. Hulbert, 3 Scammon's Ill. R. 489. True, had Edgerton z*elied solely on the fact of Clay’s indorsement of the note as a grozznd of z’ecovery, he znight have failed in his action —• failed for want of due demand and notice perhaps, but not for want of indorsement.
In the second place it is argued by counsel for plaintiffs in error*, that the petition is insufficient, because it contains no allegations of demand by Edgerton upon Hoot, the maker of the note, for payment thereof, and notice to Clay of nonpayment.
On this point much confusion has doubtless arisen from a failure to discriminate between a guaranty which depends on some contingency or condition, and one which is in its terms absolute and unconditional. Where a guaranty is dependent on some condition or contingency expressed in, or *554 fairly implied from, the terms of the contract of guaranty, a compliance with those terms on the part of the guarantee is necessary, and must be alleged and proved in order to a recovery upon it. But where the guaranty of payment i? absolute and unconditional, we are of opinion that it is not necessary, in order to make out aprima facie case for recovery, to aver or prove either demand or notice. This, we think, is fairly inferrible from what is said by this court in Bashford v. Shaw, 4 Ohio St. 266. And this view of the question is directly ruled in Allen v. Rightmere, 20 J. R. 365; Brown v. Curtiss, 2 Comstock's R. 225; Breed v. Hillhouse, 7 Conn. R. 523; Read v. Cutts, 7 Greenleaf's R. 186; and Heaton v. Hulbert, 3 Scammon's Ill. R. 489. We are aware that cases may be found in which the point has been ruled otherwise; but it seems to us that the reasoning of Bronson, J., in Brown v. Curtiss, supra, is unanswerable and. irresistible. And there is nothing either in Bashford v. Shaw, supra, or in Forest v. Stewart, 14 Ohio St. 246, adverse to this conclusion; and what is said by the court in Greene v. Dodge & Cogswell, 2 Ohio, 431, related to a case in which the court construed the contract of guaranty sued on to be a conditional one. Now the contract of guaranty in the ease before us is absolute and unconditional. Its language is: “I guarantee the payment of the within note to C. Edgerton or order;” and we are of opinion that no averment of demand or notice in the petition was necessary ; and if any loss had resulted to the guarantor by reason of any lashes on the part of the guarantee, such laches, if it could be made available at all, would be matter of defence to' be set up by the guarantor. For these reasons we are of opinion that there was no error in the overruling of the demurrer to the petition.
The next question is — did the court of common pleas err in sustaining the demurrer to the answer? The substance of the answer — or rather, the substance of what the pleader seems to wish to be understood as averring — is, that for nearly six months after the note became due, the maker, Hoot, continued to reside in Wood county, and was during *555 all that time in solvent circumstances, and that, had the note been sued on during that time, it might have been collected from him. Whether, if this averment was true, and it was also true that at the time suit was brought upon the guaranty, Hoot had left Wood county and had become utterly insolvent, the guarantor would have been discharged from the obligations of his contract of guaranty, is a question which we are not called on to decide; because, for aught that appears in the answer, Hoot may still be, and may all along have been, a resident of Wood county, and the owner of property subject to execution ample to satisfy any judgment on this note.
The court of common pleas did, however, fall into one error, and one which is doubtless due to -the carelessness of the attorneys in not looking after their journal entries. The court gave judgment against Hoot as well as Olay, although the former had never come nor been brought into court, and as to him the court acted without jurisdiction. The judgment against him as it stands is void; but he is entitled to rid himself of the cloud of a vpid judgment. The joint judgment of the court of common pleas against Hoot and Clay, and the judgment of affirmance by the district court, will, therefore, be reversed; and proceeding to render such judgment as those courts ought to have rendered, there will be entered a judgment against Clay alone for the amount of the note with interest up to this time, with costs accruing in the common pleas. The costs in error will b» adjudged against Edgerton, the defendant in error.
Scott, Welch, White, and Day, JJ., concurred.